J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>WHALERS COVE MGM'T., LLC, a Hawaii Limited Liability Company, dba WHALERS COVE MANAGEMENT LLC and/or WHALERS COVE RESORT and/or WHALERS COVE OCEANFRONT LUXURY AT POIPU and/or MY KAUAI VACATION; MARIANNE V. MARTIN, an individual, aka MARIANNE MARTIN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE | CIVIL NO. 15-00260<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"D" |

PARTNERSHIPS 1-10; and DOE )
ASSOCIATIONS 1-10, )
)
Defendants. )
______________________________________ )

**COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for their complaint allege as follows:

**PARTIES**

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant WHALERS COVE MGM'T., LLC ("WCM") is a limited liability company registered and organized in the State of Hawaii, with its principal place of business in Koloa, Hawaii, and is doing business as WHALERS COVE MANAGEMENT LLC and/or WHALERS COVE RESORT and/or WHALERS COVE OCEANFRONT LUXURY AT POIPU and/or MY KAUAI VACATION.

4. Upon information and belief, Defendant MARIANNE V. MARTIN ("MARTIN"), also known as MARIANNE MARTIN, is a natural person residing in the State of Hawaii and is the sole owner and member of WCM.

5. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR (collectively "Plaintiffs") except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through *inter alia*, interview of Plaintiffs

and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6. This is an action for preliminary and permanent injunctive relief and damages arising from WCM's and MARTIN's (collectively referred to as "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

9. Defendants are doing business in the State of Hawaii as a vacation rental and property management agency under the business or trade names WHALERS COVE MANAGEMENT LLC and/or WHALERS COVE RESORT and/or WHALERS COVE OCEANFRONT LUXURY AT POIPU and/or MY KAUAI VACATION.

10. Defendants manage and control a commercial website at http://www.whalerscoveresort.com/, where customers can view information on Defendants' business and managed properties, purchase online vacation rental reservations, or click on hyperlink icons to be directly routed to Defendants' social media commercial web pages on Facebook.com, Pinterest.com, and Twitter.com.

11. Defendants manage and control a commercial web page on Facebook.com, at https://www.facebook.com/WhalersCoveResort, to advertise and promote their business and commercial website, described in paragraph 10, and to encourage users of their Facebook.com commercial web page to contact Defendants, navigate to their commercial website, or click on provided hyperlinks to be directly routed to their commercial website to take advantage of advertised specials or offers and to purchase online reservations.

12. Defendants managed and controlled a commercial web page on Pinterest.com, at http://www.pinterest.com/whalerscove, to advertise and promote their business and commercial website, described in paragraph 10, and to encourage users of their Pinterest.com commercial web page to contact Defendants, navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website to purchase online reservations for Defendants' rentals offered.

13. Defendants manage and control a commercial web page on Twitter.com, at https://twitter.com/whalerscoveHI, to advertise and promote their business and commercial website, described in paragraph 10, and to encourage users of their Twitter.com commercial web page to navigate to their commercial website, social media commercial web pages on Facebook.com and Pinterest.com described in paragraphs 11 and 12, social media commercial web page on Youtube.com, or click on provided hyperlinks to be directly routed to their commercial website to view offers and to purchase online reservations.

14. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

15. Eight (8) photographic works, image nos.: "K-06-B Wailua Falls Rainbow"; "K-11 Spouting Horn-foliage"; "K-42 Secret Beach"; "K-38 Taro Fields of Hanalei"; "S-02 Fire at Shipwrecks"; "A-19 Snorkel Hawaii"; "K-41 Tunnels Beach"; and, "A-01 Hammock NEW", at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20,

2011; and, 2) VA 1-696-552, effective December 17, 2009, and supplemented by form VA 1-432-820, effective June 20, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who holds the exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit "A."

16. Two (2) photographic works, image nos.: "Shipwrecks Beach" and "South Side Beaches 0001", at issue in this case was created by photographer Plaintiff VINCENT SCOTT TYLOR, who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011, in the name of Plaintiff VINCENT SCOTT TYLOR, who holds the exclusive rights and privileges in those photographic works under the United States Copyright Act. A true and correct copy of the Certificate of Registration that relates to those photographic works at issue is attached hereto as Exhibit "B."

17. None of the said photographic works was a "work for hire."

18. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works for commercial and other uses.

19. Plaintiff VINCENT KHOURY TYLOR discovered that Defendants were using his eight (8) photographic works at issue at least thirty-nine (39) separate times in high resolution on their commercial web pages on Facebook.com, Pinterest.com, and Twitter.com, as follows:

Image **"K-06-B Wailua Falls Rainbow"** used at least two (2) times at:

*Page URLs:*
https://www.facebook.com/WhalersCoveResort
https://www.facebook.com/photo.php?fbid=343968872352478&set=a.119791638103537.28779.117905868292114&type=1&theater
*Image URL:*
https://fbcdn-sphotos-a-a.akamaihd.net/hphotos-ak-xaf1/v/t1.0-9/p180x540/562930_343968872352478_1621175426_n.jpg?oh=c516c7b008252a8985a51b7d47b5de39&oe=54842867&__gda__=1418362176_6880a646989126648e943d4f96c23876 (720 x 540 pixels)

Image **"K-11 Spouting Horn-foliage"** was used at least five (5) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856808710218/
http://www.pinterest.com/pin/68468856807983609/
http://www.pinterest.com/pin/68468856807710434/
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/c4/8e/8a/c48e8aaeea007a143de35be10907ac4b.jpg (640 x 1136 pixels)
http://media-cache-ec0.pinimg.com/736x/57/55/8f/57558fc3b714b031939b1d392eb687d8.jpg (300 x 225 pixels)
http://media-cache-ak0.pinimg.com/736x/cf/6d/7b/cf6d7bf4a2483902ac06e454ba2d1295.jpg (736 x 552 pixels)

Image **"K-42 Secret Beach"** was used at least six (6) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/

http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856808200605/
http://www.pinterest.com/pin/68468856807592721/
http://www.pinterest.com/pin/68468856807529539/
https://twitter.com/whalerscoveHI
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/b8/81/54/b88154da85e2
ebae491eb92ff4b69a9a.jpg (645 x 864 pixels)
http://media-cache-ak0.pinimg.com/736x/26/2e/c6/262ec6ed2195d595614
a0c6c91d8d964.jpg (640 x 1136 pixels)

Image **"K-38 Taro Fields of Hanalei"** was used at least four (4) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856807875022/
https://twitter.com/whalerscoveHI
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/58/0d/f3/580df3486b52
03b23607316e23aaa82a.jpg (736 x 552 pixels)

Image **"S-02 Fire at Shipwrecks"** was used at least three (3) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856807325541/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/ad/5f/69/ad5f692bb211
cb1dbc74c3a3980052bb.jpg (670 x 502 pixels)

Image **"A-19 Snorkel Hawaii"** was used at least seven (7) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856807064168/
http://www.pinterest.com/whalerscove/island-life/
http://www.pinterest.com/pin/68468856808299819/

https://twitter.com/whalerscoveHI
https://twitter.com/whalerscoveHI/status/373534375176318976
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/02/ee/38/02ee38223961
a92501b94e84a41ec11d.jpg (736 x 552 pixels)
http://media-cache-ec0.pinimg.com/736x/e7/e1/67/e7e1679766
777476e1601fa8f0a8f95d.jpg (605 x 611 pixels)
https://o.twimg.com/2/proxy.jpg?t=HBhUaHR0cDovL21lZGlhLWNhY2hlLWVj
MC5waW5pbWcuY29tLzczNngvZTcvZTEvNjcvZTdlMTY3OTc2Njc3Nz
Q3NmUxNjAxZmE4ZjBhOGY5NWQuanBnFOADFOgCHBQIFAYAABY
AEgA&s=yUjlc6-VcOAbCpsqaIGFnMtqPOdDGl0_u5XB7f9wnBU
(240 x 180 pixels)

Image **"K-41 Tunnels Beach"** was used at least five (5) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856808078977/
http://www.pinterest.com/pin/68468856806907703/
https://twitter.com/whalerscoveHI
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/b9/26/21/b926212bf4b0065
1331c4147e6e40785.jpg (192 x 288 pixels)
http://media-cache-ak0.pinimg.com/736x/1d/61/88/1d61889ee3628bb
6292fd35600564eec.jpg (736 x 552 pixels)

Image **"A-01 Hammock NEW"** was used at least seven (7) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856807023297/
http://www.pinterest.com/pin/68468856807522633/
http://www.pinterest.com/pin/68468856806966200/
https://twitter.com/whalerscoveHI
https://twitter.com/whalerscoveHI/status/514057124817928192
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/46/64/4a/46644a8f0dbff
fe6706eab85ce16e6a9.jpg (340 x 510 pixels)

http://media-cache-ec0.pinimg.com/736x/a7/51/32/a75132cbae304a
a87769de15e3665cc9.jpg (340 x 510 pixels)
https://o.twimg.com/2/proxy.jpg?t=HBhUaHR0cDovL21lZGlhLWNhY2hlLWFr
MC5waW5pbWcuY29tLzczNngvODEvZGQvODUvODFkZDg1ZTFkNmY
2MjYwZjE1NTFhM2RiOWYxYWJkNWEuanBnFOADFOgCHBQIFAYA
ABYAEgA&s=JP_NKdMi_3YyvJZwquL4ufsaKJXB6tWitvcACr31NDI
(240 x 180 pixels)

Defendants used these photographic works without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. A true and correct copy of each of those photographic works registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendants' infringing uses are attached hereto as Exhibit "C".

20. Plaintiff VINCENT SCOTT TYLOR discovered that Defendants were using his two (2) photographic works at issue at least five (5) separate times in high resolution on their commercial web pages on Pinterest.com and Twitter.com, as follows:

Image **"Shipwrecks Beach"** was used at least four (4) times at:

*Page URLs:*
http://www.pinterest.com/whalerscove/pins/
http://www.pinterest.com/whalerscove/favorite-places-in-kauai/
http://www.pinterest.com/pin/68468856808765186/
https://twitter.com/whalerscoveHI
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/e5/98/00/e59800c7d6a72d2b17
85c9f181c30875.jpg (300 x 225 pixels)

Image **"South Side Beaches 0001"** was used at least one (1) time at:

*Page URL:*
https://twitter.com/whalerscoveHI
*Image URL:*
https://pbs.twimg.com/media/Bi_CUSoIQAADmYa.jpg:large (728 x 485 pixels)

Defendants used these photographic works without obtaining licenses or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. A true and correct copy of each of those photographic works registered by Plaintiff VINCENT SCOTT TYLOR along with copies of screenshots of Defendants' infringing uses are attached hereto as Exhibit "D".

21. Plaintiff VINCENT KHOURY TYLOR's photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

22. Upon information and belief, Defendants intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from his photographic works at issue for Defendants' uses of those photographic works without his authority or the authority of the law, and/or Defendants distributed those photographic works knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or

altered without his authority or the law. Defendants displayed copies of those photographic works without Plaintiff VINCENT KHOURY TYLOR's copyright management information, knowing that Defendants did not own the photographic works, and knowing that a simple internet image search would locate those photographic works with Plaintiff VINCENT KHOURY TYLOR's copyright management information clearly associated with those photographic works. True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information along with copies of screenshots of Defendants' infringing uses with the copyright management information cropped are shown in Exhibit "C".

23. Defendants' use of **"K-06-B Wailua Falls Rainbow"** on their Facebook.com commercial web page, described in paragraph 11, has contributed to widespread distribution of that photographic work, absent any copyright management information attributable to Plaintiff VINCENT KHOURY TYLOR, because users who viewed Defendants' Facebook.com commercial web page could easily distribute its posting of that photographic work without Plaintiff VINCENT KHOURY TYLOR's copyright information among other Facebook.com users or promote Defendants' business by clicking on the "Like" button or "Share" button associated with that photographic work as it appeared on Defendants' Facebook.com commercial web page. Each "Like" or "Share" action

by a user caused that photographic work to be distributed to other users or promoted Defendants' Facebook.com commercial web page or their business. Furthermore, Defendants' Facebook.com commercial web page and the posts within that page were automatically promoted to other users who clicked the "Like" button associated with that page, effectively advertising Defendants' business as well as the posted photographic work at issue, absent Plaintiff VINCENT KHOURY TYLOR's copyright management information.

24. Defendants' uses of eight (8) photographic works at issue on their Pinterest.com commercial web page, described in paragraph 12, have contributed to widespread distribution of those infringing uses. Copies of Defendants' uses at issue, when posted, were automatically distributed to their "followers" for viewing and further distribution by those followers. Furthermore, any user could easily distribute those infringements among other users by clicking on the "Pin it" button or "Like" button associated with those uses as they appeared on Defendants' Pinterest.com commercial web page, or users could distribute those infringements among the millions of users of social media website Facebook.com by clicking on the "share" button associated with those uses. Each "Pin it" or "Like" or "share" click by a user caused uses of that infringement to be distributed to other users or promoted Defendants' Pinterest.com commercial web page or its business as the origin of that photographic work.

25. Defendants' uses of seven (7) photographic works at issue on their Twitter.com commercial web page, described in paragraph 13, have contributed to widespread distribution of those infringing uses. Defendants' infringing uses on its Twitter.com commercial web page have contributed to widespread distribution of those photographic works absent copyright management information attributable to Plaintiffs because users could view Defendants' "tweets", "follow" Defendants' Twitter.com commercial web page to be notified of its "tweets", or "re- tweet" Defendants' posts of these photographic works to other users, all of which were actions that automatically promote Defendants' Twitter.com commercial web page and the infringing uses among other users.

26. MARTIN is vicariously liable, if not directly liable, for WCM's copyright infringements and/or removal or alteration of copyright management information associated with the photographic works at issue because, upon information and belief, MARTIN is the sole manager and member of WCM and thus enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal or alteration of copyright management information associated with the photographic works at issue.

27. By letter of September 25, 2014, Plaintiffs gave notice to Defendants of the copyright infringements and Digital Millennium Copyright Act violations for the photographic works at issue, as described herein, and attempted

to resolve the claims by requesting that Defendants pay a retroactive licensing fee for their uses and that they cease and desist.

28. Plaintiffs and Defendants were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

29. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-28 as if fully stated herein.

30. Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works at issue as holders of the copyrights, the use of which has not been licensed to Defendants.

31. Defendants misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using eight (8) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least thirty-nine (39) separate times and by using two (2) of Plaintiff VINCENT SCOTT TYLOR's photographic works at least five (5) separate times as described herein. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., for which

Defendants are directly, contributorily and/or vicariously liable, jointly, severally, or in the alternative.

32. Defendants' unlawful use of copies of Plaintiffs' original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

33. Defendants' unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

34. Because Defendants used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

35. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

36. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of these wrongful acts. Plaintiffs are presently

unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of copyright infringement.

37. Plaintiffs are further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

38. Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of their violations of Plaintiffs' copyrights.

39. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

40. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-39 as if fully stated herein.

41. Defendants intentionally removed or altered copyright management information from association with eight (8) of Plaintiff VINCENT KHOURY TYLOR's photographic works for their said uses, or distributed those photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, without the authority of Plaintiff VINCENT KHOURY TYLOR or the law,

knowing, or having reasonable grounds to know, that the removal or alteration, or distribution, would induce, enable, facilitate, or conceal infringement of copyright. Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which Defendants are liable jointly, severally, or in the alternative.

42. Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Defendants the actual damages suffered by him and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff VINCENT KHOURY TYLOR is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

43. Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

44. Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendants be required to pay such damages as Plaintiffs have sustained and any profits Defendants have gained in consequence of Defendants' unlawful acts or, in the alternative, to pay statutory damages, pursuant to 17 U.S.C. § 504 and 17 U.S.C. § 1203(c);

D. That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, July 10, 2015.

/s/ J. Stephen Street

J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR